KATE CULLOM, as Administratrix, etc., of HUGH CULLOM, Deceased, Appellant, v. JOHN McKELVEY and Others, Respondents.

*Negligence — an owner of a building is not liable for the negligence of independent contractors, employed to take it down, to their employee.*

The owner of an old building, who has contracted with independent contractors for its demolition, is not liable in damages for the death of an employee of the contractors who is killed by the collapse of the building caused by the over-weighting of one of its floors with brick through the negligence of the contractors or of their servants.

Appeal by the plaintiff, Kate Cullom, as administratrix, etc., of Hugh Cullom, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 21st day of January, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*T. F. Hamilton,* for the appellant.

*H. C. Smyth,* for the respondents.

Patterson, J.:

The plaintiff's intestate, a laborer employed in the demolition of an old building in the city of New York, was killed by such building collapsing after some part of it was taken down. The defendant McKelvey was the owner of the premises, and he had employed the defendants Keegan and O'Keefe as contractors to do the work of tearing down the building. They were independent contractors, and the plaintiff's intestate was their servant. No relation of master and servant existed between him and the defendant McKelvey, nor did the latter, in any way, induce the plaintiff's intestate to enter upon the employment or to become engaged in the work. The cause of the fall of the building was the overweighting with brick of one of the floors; that was the result of the negligence of the contractors or of their servants. McKelvey owed the plaintiff's intestate no duty whatever. McKelvey was not doing the work, nor in charge of it. All that is testified to about his being connected with it is, that he was about the building every day. One of the witnesses did say that McKelvey was giving directions, but he immediately afterwards testified that he did not hear McKelvey give any directions. There was an entire absence of proof to connect McKelvey in any way with the subject-matter of the action so as to make him liable.

The nonsuit as to McKelvey was properly ordered, and the judgment should be affirmed, with costs.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred.

Judgment affirmed, with costs.